IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua David Mosley, #20110965, | ) | C/A No.: 1:19-2383-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE |
| | ) | |
| Steve Mueller (Sheriff), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Joshua David Mosley ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights against Defendant Sheriff Steve Mueller ("Sheriff"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff is a pretrial detainee at the Cherokee County Detention Center ("Detention Center"). [ECF No. 1 at 2]. He alleges on or about August 2, 2019, at 11:00 PM, he tripped over a cellmate, injuring his back. [ECF No. 1 at 5]. He claims the injury occurred because three inmates were housed in a one-man cell. *Id.* He indicates the emergency button in his cell was not working, causing him to lie on the floor for nearly an hour and urinate on himself prior to

receiving assistance. *Id.* at 6. He maintains he was subsequently transported to the hospital, where he was diagnosed with deep contusions. *Id.* at 6. He claims the Detention Center refuses to send him for a follow up appointment and denied his request for a second mat to help his back. *Id.* at 6. He asserts causes of action for violation of due process and cruel and unusual punishment and requests $80,000 in damages. *Id.* at 6.

II.    Discussion

    A.    Standard of Review

    Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se

litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Plaintiff fails to support his claim with any facts, let alone sufficient facts to state a plausible § 1983 claim.

### 1.  Eleventh Amendment Immunity

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits

---

[1] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally-guaranteed rights and to provide relief to victims if such deterrence fails.

against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because the defendant in this case is an employee of a South Carolina county, when acting in his official capacity, he is considered an arm of the state and not a "person" within the meaning § 1983. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"); *Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, at *5–6 (D.S.C. Feb. 15, 2006) (finding Charleston County Detention Center entitled to Eleventh Amendment immunity as an arm of the state); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one arising under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. *See* S.C. Code Ann. § 15-78-20(e). Thus, as an arm of the state, Sheriff, in his official capacity, would be immune from a federal lawsuit for damages under the Eleventh Amendment.

Accordingly, the complaint is subject to summary dismissal as to Defendant in his official capacity.

2.     Failure to Allege Specific Facts Against Defendant

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

appearing in the caption, the claimant is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.3d 1206, 1207 (7th Cir. 1974).

Plaintiff Sheriff in the caption and lists him as a party, but he does not allege any facts suggesting Sheriff's involvement in the alleged constitutional violation. Therefore, Plaintiff's complaint is subject to summary dismissal as to Sheriff.

### 3. Deliberate Indifference

Generally, to establish a claim based on alleged deliberate indifference, a detainee must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Plaintiff has not asserted sufficient facts to indicate the facility staff's refusal to refer him to a follow up visit for his back and failure to provide an extra mat rose to the level of deliberate indifference. Therefore, Plaintiff's claim of deliberate indifference is subject to dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 20, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

Shiva V. Hodges

August 30, 2019                          Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge