IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joshua Mosley, | ) | C/A No. 1:19-cv-02383-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Steve Mueller, Sheriff in his individual Capacity; Mrs. Wells, Jail Captain, in her individual and official capacities; and Mr. Anderson, Jail Major, in his individual and official capacities, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report"). [ECF No. 35.] For the reasons outlined herein, the court adopts the Report and grants Defendants' motion for summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joshua Mosley ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights as a pre-trial detainee. He also asserted a state law cause of action for gross negligence. The claims relate to the events surrounding an injury that Plaintiff sustained while housed in a single cell with two other inmates. The specific facts are fully set forth in the Report, and this court will not repeat them here.

Defendants filed a motion for summary judgment on February 21, 2020, and Plaintiff filed his response on March 5, 2020. [ECF Nos. 31, 34.] On March 24, 2020, the Magistrate Judge issued

1

the Report, recommending that this court grant Defendants' motion for summary judgment. [ECF No. 35.] Attached to the Report was the notice of right to file objections. *Id.* Plaintiff filed objections on April 1, 2020. [ECF No. 37.] Defendants submitted a reply, ECF No. 42, Plaintiff submitted a sur-reply, ECF No. 44, and the matter is now ripe for consideration by this court.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed

---

[1] After filing the objections, Plaintiff also filed a Motion to Appoint Counsel, ECF No. 38, a Motion for Production of Documents, ECF No. 47, a Motion to Compel Discovery, ECF No. 48, and a Motion to Amend Complaint, ECF No. 53. The Motion to Amend Complaint is addressed in Section II, *infra*. The remaining motions are terminated as moot in light of this court's ruling on the Report and the Motion to Amend Complaint.

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

Below, the court addresses Plaintiff's four objections to the Report, as well as Plaintiff's request for leave to amend his complaint.

### I. Review of Objections.

Plaintiff's first objection is a "[d]ispute of R&R (II)(A)"—the standard of review on summary judgment. [ECF No. 37 at p.1 (objection); *see also* ECF No. 35 at pp.3–5 (setting forth the standard of review).] He argues that Defendants failed to show that there is no genuine dispute as to any material fact, that Defendants are "clearly not" entitled to judgment as a matter of law, and that Defendants failed to support their contentions that facts cannot be disputed. [ECF No. 37 at pp.1–2.] In an effort to support these arguments, he points to his entire response in opposition to the motion for summary judgment. *Id.* at p.2 ("There is no need to 'assume' the existence of a genuine issue of material fact, as there is [one] present in the plaintiff[']s response to the Defendant[']s motion."). Having reviewed the briefing presented on summary judgment, the court is unable to find a genuine dispute of material fact. Further, Plaintiff's failure to identify one renders this objection general and conclusory. The objection to the Report's recitation of the standard of review is overruled.

Second, Plaintiff sets forth a "[d]ispute of R&R (II)(B)(1)."[2] [ECF No. 37 at p.3.] In the objection, Plaintiff argues that the Report erred in concluding that he failed to show an objectively

---

[2] Section II(B)(1) of the Report sets forth the analysis on Plaintiff's conditions of confinement claim. [*See* ECF No. 35 at pp.5–10.] The Report thoroughly reviewed the applicable law, the

3

serious or significant injury. *Id.* at p.4.  Specifically, Plaintiff claims that he could not set forth an objectively serious or significant injury because he was "denied . . . [a] proper follow-up appointment necessary according to the discharge instructions[.]" *Id.*; *see also id.* at p.5 ("[P]laintiff has attempted to evidence significant physical injury by show of medical records combined with defendants refusal to properly schedule 'follow-up' care.").  The court overrules this objection, as well.

A plaintiff asserting unconstitutional conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).  Here, it is undisputed that Plaintiff fell and hurt his back and was treated with Tylenol.  The medical records presented to the court were relied upon by both parties at summary judgment.  The court reviewed those records and agrees with the Report's conclusion that Plaintiff did not set forth a sufficiently serious or significant physical injury.

More specifically, the record establishes that Plaintiff sent two medical requests after his injury.  [ECF No. 31-2.]  In the first, submitted the day after the incident, Plaintiff asked for a better mat to sleep on.  *Id.* at p.23.  He did not request any additional treatment.  And, in the second, which was submitted two days after the incident, Plaintiff claimed he needed a follow-up appointment with a back specialist.[3]  *Id.* at p.24.  This second request was marked "duplicate." While Plaintiff's request to see a specialist was denied, Plaintiff fails to set forth any argument or forecast any admissible evidence regarding how the results of a follow-up appointment would

---

undisputed facts in the record, and the lack of evidence or argument submitted by Plaintiff to defeat summary judgement in favor of Defendants.  *See generally, id.*

[3] Plaintiff's discharge records reveal the following follow-up instructions: "Private physician When: 2-3 days; Reason: recheck today's complaints."  [ECF No. 31-2 at p.14.]

4

change the court's analysis. The evidence in the record, at best, evidences *de minimis* pain or injury, which is insufficient to defeat summary judgment. *See Buie v. Myers*, No. 4:06-cv-81, 2007 WL 509789, at *5 (D.S.C. Feb. 13, 2007).

Yet, even if the court were to find that Plaintiff's objection creates a dispute over the objective element of the claim, the undisputed facts in the record still fail to give rise to a genuine dispute of material fact on deliberate indifference. In the objection, Plaintiff claims that "[t]o provide evidence that Defendants were deliberately indifferent would require certain electronically-stored documents contained within the defendants['] database, including video footage and rosters along with incident reports, etc." [ECF No. 37 at p.6.] Then, he claims that "[o]ne or more of the defendants is shown on T.V. addressing the overcrowding situation by stating that the jail 'has bunk beds,'" when, according to Plaintiff, there "are no bunk beds in the whole jail." *Id.* at pp.7–8. This objection also misses the mark.

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Defendants submitted unrebutted evidence admitting that Plaintiff was housed in a single cell with two other inmates "due to space and capacity issues." [ECF No. 31-2, at ¶ 5. As the Report properly concluded, the admitted triple celling of inmates is not unconstitutional, in and of itself. *See Williams v. Griffin*, 952 F.2d 820, 824, 826 (4th Cir. 1991). Neither Plaintiff's objection, nor the purported television footage sets for a genuine dispute of material fact that Defendants were deliberately indifferent to an excessive risk to Plaintiff's health or safety when he was temporarily housed in a single cell with two other inmates. Whether the jail did or did not have bunk beds is of no consequence under the undisputed facts in the record.

Third, Plaintiff objects to the Report's recommendations on deliberate indifference to a serious medical need. [ECF No.37 at pp.8–9.] The arguments therein are general and conclusory. Plaintiff contends that the need for medical attention was so obvious that even a lay person would recognize the necessity for a doctor's attention and that the "[g]rant of qualified immunity is once again not appropriate." Plaintiff fails to point to any specific error in the Report's findings, however, or any evidence submitted to that was overlooked or disregarded in the Report. The record is clear that Plaintiff received medical attention after his fall. Plaintiff's contention that his back was "still killing him" two days after the incident is not evidence of "serious . . . medical need," "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Plaintiff's conclusory objection does not change the result.

Fourth, and finally, as to the recommended dismissal of the gross negligence claim, Plaintiff argues that it was "not appropriate to consider" the South Carolina Tort Claims Act "at the summary judgment stage in this particular case." [ECF No. 37 at p.9.] According to Plaintiff, he "filed this very complaint against defendants in their 'individual capacities' as well[,]" *id.* at p.10, and he "has made an adequate showing that the defendants actions may have constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." *Id.* This objection, much like Plaintiff's objection to deliberate indifference to a serious medical need, is general and conclusory. He simply restates the standard with the vague contention that he has "made an adequate showing." The objection fails to point to any evidence in the record to support such a

6

claim. And, having reviewed the record before it, this court concludes that no such evidence was presented. The final objection is overruled.[4]

## II. Motion to Amend Complaint.

Following the issuance of the Report, Plaintiff filed a Motion to Amend his Complaint. [ECF No. 53.] Plaintiff contends that the proposed Amended Complaint addresses "various issues of concern in the original complaint, determined by the Magistrate Judge, stated in the Report and Recommendation."

"Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182, (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Id.*

After careful review of the proposed amendment, as compared against the original pleading, the court finds that the proposed amendment is futile. The proposed amended complaint sets forth the same basic facts and theories as the original Complaint. Further, the accompanying declaration sets forth the same facts already considered in the Report, along with general legal conclusions that are insufficient to defeat summary judgment in favor of Defendants. Accordingly, the court

---

[4] To the extent Plaintiff asks this court to delay ruling pending a decision on his motion to appoint counsel, the request is denied. [*See* ECF No. 37 at p.11.] "The law is clear that there is no right to appointed counsel in § 1983 cases." *Robinson v. S.C. Dep't of Public Safety*, No. 8:05-cv-3198, 2011 WL 1225727, at *1 (D.S.C. Feb. 28, 2011). And while this court has discretion to appoint counsel for an indigent in a civil action, appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). This is not an exceptional case justifying appointment of counsel.

finds that the proposed Amended Complaint does not remedy the defects or otherwise impact the Report's recommendation. *See McCoy v. South Carolina*, No. 8:08-cv-1575, 2008 WL 2330223, at *2 (D.S.C. June 3, 2008) (denying motion to amend where proposed amendment failed to correct defects). The Motion to Amend is denied.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report in its entirety and incorporates the same herein by reference. Therefore, it is the judgment of this court that Defendants' Motion for Summary Judgment [ECF No. 31] is **GRANTED** in its entirety. Further, Plaintiff's Motion to Amend Complaint, ECF No. 53, is **DENIED** as futile. All other pending motions, ECF Nos. 38, 47, and 48, are, accordingly, terminated as **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

July 6, 2020
Florence, South Carolina

8